# In re Frederick G. Rust, an Alleged Lunatic.  Appeal of Llewellyn Rust.  Appeal of Frederick G. Rust.

*Lunacy—Notice of proceedings—Conflict of laws.*

If lunacy proceedings in another state are without notice to the alleged lunatic, and are wholly ex parte, the decree in them will not be conclusive on any court in this state, as there can be no jurisdiction of the lunatic's person without personal notice to him or to some one who represents him as an adverse party to the proceedings.

The courts of this state have power to interfere in aid of a person alleged to be improperly confined in a lunatic asylum, although the judicial proceedings resulting in the confinement were had in another state.

*Habeas corpus.*

The writ of habeas corpus is a writ of right intended to protect individuals against illegal confinement at the time it issues without regard to the legality of the confinement at its beginning.

*Lunacy—Act of June 13, 1886—Practice.*

Proceedings under the act of June 13, 1836, P. L. 592, are not the proper proceedings to ascertain whether a person who has been judicially declared a lunatic has recovered his sanity.

Argued April 7, 1896.  Appeals, No. 71, Jan. T., 1896, by Llewellyn Rust, and No. 72, Jan. T., 1896, by Frederick G. Rust, from order of C. P. No. 1, Phila. Co., June T., 1895, No. 279, dismissing a petition for a commission in lunacy to inquire into the sanity of Frederick G. Rust.  Before STERRETT, C. J , GREEN, McCOLLUM, DEAN and FELL, JJ.  Affirmed.

Petition by Llewellyn Rust for a commission in the nature of a writ de lunatico inquirendo to ascertain whether or not Frederick G. Rust is incapable of managing his estate.  Before BRÉGY, J.

The court dismissed the petition.  Llewellyn Rust and Frederick G. Rust appealed.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order dismissing petition.

*George Thorn Hunsicker*, for appellant.—Such relations or friends as counsel a finding against the alleged lunatic are ex-

cluded from the list of persons competent to receive notice of the execution of the commission : Hinchman v. Richie, Bright. 144.

The proceeding is always intended for the benefit of the alleged lunatic : Clark's Case, 22 Pa. 466.

A finding of lunacy in another state is of no binding effect in Pennsylvania, where it appears that no notice of the proceeding was given : Stewart's Case, 2 Brews. 419.

A judgment in personam is invalid, unless procured after appearance. Without one of these the court would have no jurisdiction of the person : Nobel v. Thompson Oil Co., 79 Pa. 354.

Unless the record of a court in another state shows that the party sued in this state has been duly served with process, or has voluntarily appeared, it is a nullity in this state. This has been uniformly held to be the law in this state : Benton v. Burgot, 10 S. & R. 240 ; Steel v. Smith, 7 W. & S. 447 ; Thompson v. Whitman, 85 U. S. 457 ; Knowles v. Gaslight Co., 86 U. S. 58 ; Pennoyer v. Neff, 95 U. S. 714 ; Price v. Schaeffer, 161 Pa. 530.

No person's liberty or property ought to be in the power of a single judge : Nyce's Case, 2 Brews. 400.

*F. Carroll Brewster*, for appellant, Frederick G. Rust.—Appellant is entitled to a trial jury : Amendment, article 5, Constitution of United States, 1 Bright. Purd. 18 ; Article 1, sec. 10, Declaration of Rights, Constitution of Penna., 1 Bright. Purd. 27 ; Ervine's App., 16 Pa. 256 ; Clark's Case, 22 Pa. 466.

The judgment of a court in another state, whose jurisdiction is not questioned, to have full force and effect in this state, must show upon the face of the record that the party affected had notice or voluntarily appeared : D'Arcy v. Ketchum, 11 How. 165 ; Harris v. Hardeman, 14 How. 334 ; Bischoff v. Wethered, 9 Wallace, 812 ; Thompson v. Whitman, 18 Wallace, 457 ; Knowles v. Light Co., 19 Wallace, 58 ; Hall v. Lanning, 91 U. S. 160 ; Pennoyer v. Neff, 95 U. S. 714 ; St. Clair v. Cox, 106 U. S. 350 ; Noble v. Thompson, 79 Pa. 368 ; Benton v. Bergot, 10 S. & R. 241 ; Stewart's Case, 2 Brews. 419 ; Guthrie v. Lowrie, 84 Pa. 533 ; Price v. Harrell, 161 Pa. 530 ; Cooper

v. Board of Works, 14 C. B. (N. S.) 180 ; Meade v. Matthewson, 61 N. Y. 420 ; Windsor v. McVeigh, 93 U. S. 274 ; MacVeigh v. United States, 11 Wall. 259 ; St. Clair v. Cox, 106 U. S. 529 ; Pana v. Bowler, 107 U. S. 529 ; Regina v. Dyer, 1 Salk. 181 ; Rex v. Benn and Church, 6 T. R. 198 ; Rex v. Venables, 2 Ld. Raym. 1405.

*George S. Graham*, for appellee, cited act of June 13, 1836.

OPINION BY MR. JUSTICE DEAN, October 5, 1896 :

Frederick G. Rust, in May, 1887, was brought from his home in the state of Virginia to Philadelphia, and upon a certificate of his insanity by two Philadelphia physicians, was received into the Pennsylvania Hospital for the insane, and was in confinement there as a lunatic up until June 20, 1895, the date of filing this petition.    He was declared a lunatic by the Hustings court of Staunton, Augusta county, Virginia, where he resided with his father, in October, 1886, and his father appointed committee of his person and estate ; his lunacy, it is alleged, dated from 1870, and at the instance of his father he was confined most of the time between 1870 and 1886 in the Western Lunatic Asylum at Staunton, Virginia.    In 1886, he obtained a writ of habeas corpus from the court in Staunton, directed to the authorities of the asylum, and after hearing, the court remanded him to the asylum ; his father, soon after, died, and Edmund T. Lee, brother of his father's second wife, was appointed his committee, and at his instance the alleged lunatic was removed to the hospital at Philadelphia.    The property of the lunatic is real estate, situate in Flushing, Long Island, New York, and land in Loudoun county, Virginia, yielding an annual income of about $2,000.    He possessed no property in Pennsylvania.    Before the commencement of these proceedings, he obtained a writ of habeas corpus, directed to the authorities of the Pennsylvania Hospital, and returnable before Judge HARE of common pleas No. 2.    He, after full hearing, declined to discharge him.    Then this petition was filed by Llewellyn Rust, a cousin, averring that Frederick G. Rust is now sane, and praying the court to award a writ de lunatico inquirendo to inquire whether by reason of lunacy he is incapable of managing his estate, under the act of June 13, 1836.    This petition the court below, September 21, 1895, dismissed, filing no reasons therefor, and peti-

tioner appeals, assigning for error the dismissal of his petition. It would have been much more satisfactory to us, in reviewing the case, if the learned judge of the court below had put upon the record his reasons for the decree.

If the proceedings in Virginia were without notice to the alleged lunatic, were wholly ex parte, as he alleges, the decree in them would not be conclusive on any court in this state; there could be no jurisdiction of his person without personal notice to him or to some one who represented him as an adverse party to the proceedings; and even if the proceedings were entirely regular down to and including final decree in 1886, it by no means follows that because he was originally confined in an insane asylum under a proper decree, he might not be unjustly restrained of his liberty in Philadelphia ten years after. All our statutes contemplate such a contingency. Nor could we for a moment entertain the doctrine that, in a great city like Philadelphia, with its numerous hospitals for the detention and cure of the insane, to which annually many unfortunate patients are removed from other states, the courts were powerless to interfere because the judicial proceedings resulting in the confinement were had in another state. The writ of habeas corpus is a writ of right, intended to protect the individual against illegal confinement at the time it issues, without regard to the legality of the confinement when it first began.

But the proceeding here, by petition for an inquisition, is evidently instituted under the act of 1836. While one of the objects of that act is to provide guardianship for the person of the lunatic, its principal purpose is to protect his estate; all the proceedings contemplated are against the one alleged to be a lunatic, to have him declared such, and a custodian of his person and estate appointed. It is clearly not the proper proceeding, where the party confined by petition avers he is not insane, and seeks to be relieved from an unjust confinement. We think, on this one ground, the decree of the court below dismissing the petition must be sustained. Whatever may be petitioner's remedy to obtain release from illegal confinement, it is clearly not a proceeding under a statute intended, through a jury of six and a commissioner, to confine him. The very first averment of such a petition is that the subject of it is a lunatic; the principal averment of this one is that he is not. The decree is affirmed.